**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MUNAWAR HUSSAIN,

Petitioner,

v.

Case No. 1:26-cv-03387-MIS-LF

JEFFRY FIKES, in his official capacity as Warden, Cibola County Correctional Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Munawar Hussain's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed October 9, 2026. The federal Respondents filed a Response on October 23, 2026 ("Response").[1] ECF No. 8. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 4. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Background

Petitioner is a citizen of Pakistan where he worked at a religious facility. Pet. ¶ 15. He fled his home country, leaving his wife and two young sons, after threats and a shooting during which two of his colleagues were killed. Id.

On April 27, 2025, he entered the United States illegally, and on May 1, 2025, he was taken into custody near Santa Teresa, New Mexico. Id. ¶¶ 16-17, 21. He was charged criminally and pled guilty to illegal entry without inspection in violation of 8 U.S.C. § 1325(a)(1). See United States v. Hussain Yousaf-Ali, Case No. 25-cr-01879-DLM, ECF No. 13. He was sentenced to time served, and appears to have completed that sentence on August 26, 2025.[2] See id. It appears that he then reentered immigration detention where he has remained continuously ever since. See id. ¶ 18. He is currently detained at the Cibola County Correctional Center in Milan, New Mexico. Id. ¶ 19.

In November 2025, Petitioner was placed in regular removal proceedings. Id. ¶ 23. On May 19, 2026, an Immigration Judge ordered his removal. Id. ¶ 24. Petitioner timely appealed the Immigration Judge's order. Id. ¶ 25. The appeal remains pending. Id. ¶¶ 26-27.

On April 15, 2026, Petitioner filed his first petition for writ of habeas corpus arguing that he was detained under 8 U.S.C. § 1226(a), and that his detention without a bond hearing violated the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause. Hussain v. Warden, Case No. 1:26-cv-01168-KWR-SCY ("Hussain I"), ECF No. 1 (D.N.M. Apr. 15, 2026). On May 6, 2026, United States District Judge Kea Riggs denied the first petition,

---

[2] The Petition states that Petitioner has been in immigration detention since August 22, 2025. See Pet. ¶ 2.

finding that Petitioner was properly classified as an "arriving alien" under 8 U.S.C. § 1225(b) and therefore not entitled to a bond hearing. Hussain I, ECF No. 7 at 3.

On May 13, 2026, Petitioner filed his second habeas petition asserting the same arguments as the first petition. Hussain v. Warden, Case No. 1:26-cv-01520-KWR-KK ("Hussain II"), ECF No. 1 (D.N.M. May 13, 2026). On July 29, 2026, Judge Riggs denied the second petition, noting that it was "a nearly identical duplicate" of the first petition, and adopting the reasoning of the order denying the first petition—specifically, Petitioner was properly classified as an "arriving alien" under 8 U.S.C. § 1225(b) and therefore not entitled to a bond hearing. Hussain II, ECF No. 9 at 1-3. Notably, Judge Riggs specifically observed that Petitioner "does not expressly challenge his detention as prolonged, or argue how his prolonged detention violates due process or entitles him to release or a bond hearing." Id. at 3. Petitioner has appealed Judge Riggs's Order denying his second petition. Hussain II, ECF No. 13.

On October 9, 2026, Petitioner filed the instant Petition, this time arguing that his prolonged detention violates his due process rights under the Fifth Amendment.[3] Pet. ¶¶ 34-69.

The same day, the Court entered an Order to Show Cause and Enjoining Transfer, instructing Respondents to answer the Petition and to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026) requires relief." ECF No. 5.

On October 23, 2026, Respondents filed a Response. ECF No. 8.

[3] The Court may address this issue because Petitioner did not raise it in his prior petitions and, therefore, it is not on appeal in Hussain II. Cf. McKissick v. Yuen, 618 F.3d 1177, 1196 (10th Cir. 2010) ("[T]he general rule is that, when a litigant files a notice of appeal, the district court loses jurisdiction over the case, save for 'collateral matters not involved in the appeal.'") (quoting Lancaster v. Indep. Sch. Dist. No. 5, 149 F.3d 1228, 1237 (10th Cir. 1998)).

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner argues that his prolonged detention violates his rights under the Fifth Amendment's Due Process clause and seeks immediate release. Pet. ¶¶ 34-69. Respondents argue that his detention during removal proceedings does not implicate any fundamental rights. Resp. at 6. However, they acknowledge that this Court's decision in Mardanpour has reached the opposite conclusion. Id. at 7. To the extent this Court adheres to Mardanpour, Respondents argue that the Court should order a bond hearing. Id. at 8-9.

The Court finds that Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour, 2026 WL 963164, at *3-8, which the Court hereby adopts. Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment,

Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing detention of over fourteen months, with no reasonably foreseeable end in sight,[4] is excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas v. Davis, 533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Sanchez Lopez v. Blanche, No. 1:26-CV-1915-MIS-SCY, 2026 WL 1960834, at *3 (D.N.M. July 7, 2026); Dominguez v. Warden, Case No. 1:26-cv-02310-MIS-GBW, 2026 WL 2186326, at *2 (D.N.M. July 29, 2026); Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026); Mardanpour, 2026 WL 963164, at *3-8; Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

---

[4] As in Mardanpour, "Petitioner's appeal to the BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years." 2026 WL 963164, at *6.

> As the Department of Justice recently stated, after the Attorney General reduced the BIA's size by nearly one half in early 2025, there has been an "unprecedented B[IA] caseload." Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5270 (Feb. 6, 2026). Indeed, "between fiscal year 2015 and the end of fiscal year 2025, the B[IA]'s pending case load increased more than five-fold—from 37,285 pending appeals to 202,946 pending appeals," leaving the BIA "at a point where, even were it to have additional resources and better management, . . . it would not be able to keep up with incoming filings while tackling the backlog in any meaningful way." Id. (citing Executive Office of Immigration Review ("EOIR"), Adjudication Statistics: All Appeals Filed, Completed, and Pending (Nov. 18, 2025), https://www.justice.gov/eoir/media/1344986/dl?inline [https://perma.cc/88C5-MU4N]). Thus, "the B[IA] largely functions now as simply a vessel for further delay of the eventual resolution of [a noncitizen's] case." Id. at 5271.

Segura Serrano v. Scott, CASE NO. 2:26-cv-01268-LK, 2026 WL 1674357, at *3 (W.D. Wash. 2026). In any event, Respondents present no evidence or argument that Petitioner's removal is imminent in the reasonably foreseeable future.

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Respondents have failed to articulate a legitimate interest in Petitioner's continued detention. Therefore, the Court finds that immediate conditional release is the appropriate remedy. See Boumediene v. Bush, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

**IV. Conclusion**

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Munawar Hussain from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;
3. Respondents shall return all of Petitioner's seized belongings to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal and concrete travel plans to remove Petitioner from the United States; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE